IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31099
Summary Calendar
_____


GRESHLYN JONES; WESLEY JONES,

Plaintiffs-Appellants,

versus

PRIMERICA LIFE INSURANCE,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
(94-CV-2250-B)
_____
August 28, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Upon consideration <u>sua sponte</u> of our jurisdiction to hear this appeal, we dismiss this appeal for lack of jurisdiction under 28 U.S.C. § 1291.

I

On September 26, 1995, the district court granted Primerica Life Insurance Company's motion for summary judgment on the federal

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

claims of Greshlyn and Wesley Jones, denied Primerica's motion for summary judgment on the Joneses' state law claims, and remanded those claims to state court.  On October 16, Primerica filed a Rule 59(e) motion to alter or amend the judgment.  On October 26, before the district court had ruled on the outstanding Rule 59(e) motion, the Joneses filed a notice of appeal from the district court's September 26 order granting summary judgment to Primerica on their federal claims.  On November 14, the district court granted Primerica's Rule 59(e) motion and vacated its order remanding the state law claims to state court.  The district court held a preliminary conference on December 12, and set September 16, 1996, as the trial date for the state law claims.

On December 13, we dismissed the Joneses' appeal for want of prosecution because the Joneses failed to order a transcript within the time fixed by the rules.  On January 9, 1996, we granted the Joneses' motion to reinstate the appeal.  On February 2, 1996, Primerica filed a motion to dismiss the appeal.  We denied Primerica's motion on March 21.

## II

We have jurisdiction of appeals from all final decisions of the district court.  28 U.S.C. § 1291 (1994).  Rule 4(a)(4) of the Federal Rules of Appellate Procedure declares:

> A notice of appeal filed after announcement or entry of
> the judgment but before disposition of [a motion to alter

or amend the judgment under Rule 59] is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.

Fed.R.App.P. 4(a)(4). Applying this rule to the present case, the Joneses' appeal from the district court's order dated September 26, 1995, was ineffective because of Primerica's outstanding Rule 59(e) motion until November 14, when the district court disposed of Primerica's motion by vacating its remand order. After the district court disposed of the outstanding Rule 59(e) motion, the order dated October 2, 1995, was no longer a final judgment under § 1291 because outstanding state law claims were, and are, still before the district court due to the vacatur of the remand order.

III

Because we lack appellate jurisdiction under § 1291, this appeal is

D I S M I S S E D.[1]

---

[1]When read together, the September 26 order and the November 14 vacatur of the order remanding the state law claims do not "reflect[] the district court's unmistakable intent to enter a partial final judgment under Rule 54(b)." Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc). We therefore "refuse to consider the order appealable." Id.